UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MURAD TRAMMELL SLATE,<br><br>    Petitioner,<br>v.<br><br>BRUCE REISER - Warden,<br>D.O.C. Minnesota,<br><br>    Respondent. | Civil No. 14-645 (DWF/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2005, Petitioner pled guilty to criminal sexual conduct in a criminal action that had been brought against him in state district court in Stearns County, Minnesota. (Petition, [Docket No. 1], p. 1, §§ 1, 2, 5, 6(a).) He was sentenced to twelve years in state prison, (id., § 3), and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota. Petitioner did not file a direct appeal after he was convicted and sentenced, (id., p. 2, § 8), and he has never filed a post-conviction motion or other

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

collateral challenge to his conviction and sentence, (id., p. 3, § 10).

Petitioner's current habeas corpus petition was filed on March 10, 2014. The petition lists four grounds for relief, which Petitioner has identified as follows:

(1) "Ineffective Assistance of Counsel."

(2) "Discovery Violation."

(3) "5th Amendment Violation Against Self Incrimination."

(4) "14th Amendment Violation of Due Process."

(Id., pp. 5-11, § 12.)

None of Petitioner's current habeas corpus claims can be adjudicated on the merits, however, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.  DISCUSSION

Section 2244 establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, and Petitioner has not shown that his current claims are based on any new, retroactively applicable constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, pursuant to § 2244(d)(1)(A), the Court finds that the one-year limitations period began to run in this case when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  The judgment that effected Petitioner's conviction and sentence was entered in October 2005. (Petition, p. 2, § 2.)  Because Petitioner did not pursue a direct appeal, that judgment became final for statute-of-limitations purposes upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed."  Rule 28.02, subd. 4(3)(a).  Therefore, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired by no later than the end of January 2006 and the federal habeas statute of limitations began to run at that time.  The deadline for filing

3

a federal habeas corpus petition expired one year later – i.e., by no later than the end of January 2007. Petitioner did not file his current petition, however, until March 2014, which was more than seven years after the statute of limitations had expired. Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.[2]

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The tolling provisions of § 2244(d)(2) are wholly inapplicable here, however, because Petitioner has never challenged his conviction or sentence in any state post-conviction proceeding or by any other means. (Petition, p. 3, § 10.) The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 560 U.S. 631, 645 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

The Eighth Circuit Court of Appeals has made it very clear, however, that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the

---

[2] A website maintained by the Minnesota Department of Corrections, (http://www.doc.state.mn.us), indicates that Petitioner has been in prison since January 2010. Petitioner has not provided any explanation for the disparity between the time when judgment was entered in his state court criminal case (in October 2005) and the time when he most recently entered prison (in January 2010). In any event, even if the judgment at issue in this case did not become final until Petitioner entered prison in January 2010, the present habeas corpus petition still would be time-barred because it was not filed until more than four years after that time.

defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added); see also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling and there is nothing in his submissions which suggests that he could be eligible for equitable tolling. (See Petition, pp. 14-15, § 18.) It appears in this case, as in Baker, that Petitioner simply has not been "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case in January 2007, but Petitioner did not file his current habeas petition until March 20, 2014.

The Court further finds that there has been no tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) or the doctrine of equitable tolling.  Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.[3]

Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis (Docket No. 2) and his pending motion for appointment of counsel (Docket No. 3) be summarily denied.  See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

---

[3] Even if this case were not time-barred, it still would have to be summarily dismissed because none of Petitioner's current claims for relief has been raised and decided in the Minnesota state courts, which means that Petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254(a).  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  Moreover, it appears that it is now too late for Petitioner to seek review in the state courts, which means that all of his current habeas corpus claims have been procedurally defaulted.  See id. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).  Thus, even if this case did not have to be dismissed due to untimeliness, it would be dismissed based on the doctrine of procedural default.

**IV. CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

[Continued on next page.]

**V.  RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus (Docket No. 1) be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**;

3. Petitioner's motion for appointment of counsel (Docket No. 3) be **DENIED**;

4. This action be **DISMISSED WITH PREJUDICE**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: April  3  , 2014

      s/ Tony N. Leung
TONY N. LEUNG
United States Magistrate Judge

*Slate v. Reiser*
14-cv-645 (DWF/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **May 5, 2014**.